

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARY A. DUDLEY,

      Plaintiff,

   - against -

MEXICANA AIRLINES and L3       :
COMMUNICATIONS GOVERNMENT
SERVICES, INC., d/b/a L3 COMMUNICATIONS, :
GSI,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**06CV6775**
**JUDGE HIBBLER**
**MAGISTRATE JUDGE KEYS**

**F I L E D**

NF̶

DEC 0 7 2006
DEC 07 2006
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

### NOTICE OF REMOVAL

   Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant MEXICANA

AIRLINES ("MEXICANA"), by its attorneys Madsen, Farkas and Powen, LLC and

Condon & Forsyth LLP, files its Notice of Removal to this Court of an action pending

against it in the Circuit Court of Cook County, Illinois. Removal is based on the

following grounds:

   1.  This action was commenced against MEXICANA in the Circuit Court of

Cook County, Illinois by filing of a Summons and Complaint ("Complaint") on or about

October 12, 2006. MEXICANA was served on or about November 9, 2006. A copy of

the Complaint is attached hereto as Exhibit "A." No further proceedings have been had

in this action.

   2.  The Complaint seeks damages in excess of the minimum jurisdictional

requirements of the Law Division. Plaintiff alleges that she was defamed by defendant

MEXICANA and her former employer, defendant L3 Communications Government Services, Inc., d/b/a L3 Communications GSI.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 in that it is a civil action between citizens of different states and the amount in controversy exceeds the minimum jurisdictional requirements of $75,000, exclusive of interest and costs.

4. According to paragraph 1 of the Complaint, plaintiff Mary A. Dudley resides in Illinois.

5. Defendant MEXICANA is a foreign corporation organized and existing under the laws of the Republic of Mexico with its principal place of business located at XOLA 535, Mexico City, Mexico.

6. Defendant L3 Communications Government Services, Inc. is, upon information and belief, a corporation organized and existing under the laws of Delaware with its principal place of business in Chantilly, Virginia.

7. Upon information and belief, defendant L3 Communications Government Services, Inc. has not yet been served with the Complaint in this action and has not joined in this Notice of Removal.

8. Because no specific amount of monetary damages are sought in the Complaint, counsel for defendant MEXICANA contacted counsel for plaintiff and they conferred by telephone on November 30, 2006. Counsel for plaintiff advised that the case involved a "significant economic loss" in excess of Seventy Five Thousand Dollars ($75,000), the minimum jurisdictional amount under 28 U.S.C. § 1332. An affidavit to

-2-

this effect by Michael J. Holland, counsel for defendant MEXICANA, sworn to December 6, 2006, is annexed hereto as Exhibit "B".

9.     This Notice of Removal is being filed within thirty days after receipt by MEXICANA of a copy of the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. §1446(b). Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being given written notice of the removal and a copy is being filed with the Clerk of the Cook County Circuit Court.

10.     Defendant MEXICANA, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(b).

WHEREFORE, defendant MEXICANA AIRLINES respectfully requests that this action be removed to this Court.

Dated:     Chicago, Illinois
           December   , 2006

MADSEN, FARKAS & POWEN, LLC

By
   Alan L. Farkas
20 South Clark Street
Suite 1050
Chicago, Illinois 60603
(312) 379-3444

- and -

Michael J. Holland
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
(212) 490-9100

-3-

Attorneys for Defendant
MEXICANA AIRLINES

To:     Clerk of the Circuit Court of Cook County, Illinois

        Paul Caghan, P.C.
        Attorney for Plaintiff
        P.O. Box 7949
        Chicago, Illinois 60680-7949
        (312) 251-1101


        Jeff Spears, Esq.
        Attorney for Defendant
        L3 Communications Government Services, Inc.
        10 Canal Center Plaza
        Suite 105
        Alexandria, Virginia 22315

-4-

Firm I.D. 24025

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT  LAW DIVISION

MARY A. DUDLEY,            )
                           )
                           )
          Plaintiff,       )
     v.                    )     No.
                           )
MEXICANA AIRLINES and      )
L3 COMMUNICATIONS          )
GOVERNMENT SERVICES, INC., )
d/b/a L3 COMMUNICATIONS, GSI, )
                           )
                           )
          Defendants.      )

2006L010762
CALENDAR/ROOM  C
Time  00:00
Tort - Intentional

## COMPLAINT

NOW COMES the plaintiff MARY A. DUDLEY by and through her

attorney and for her Complaint against defendants MEXICANA AIRLINES

and L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3

COMMUNICATIONS, GSI, alternatively as appropriate, states as follows:

Count 1

### Defamation – MEXICANA AIRLINES

1.     The plaintiff MARY A. DUDLEY is an individual currently

residing in the State of Illinois.

2.     The defendant MEXICANA AIRLINES had a duty to refrain

from conduct that defendants knew or should have known to be defamatory,

and to refrain from making defamatory statements, libel, slander or



publications that defendants knew or should have known would injure the plaintiff's employment, reputation, standing, career, business opportunities, income and profits, and cause mental distress, anguish, worry, shock, trauma, pain and suffering. .

3.    At all times relevant herein, Mexicana Airlines Pilot No. 1, Mexicana Airlines Supervisor No. 1 and Mexicana Airlines Supervisor No. 2 were present at O'Hare Airport, Chicago, Illinois, on October 16, 2005, and others were operating as agents, servants and employees of defendant Mexicana Airlines.

4.    In breach of its duties as aforesaid, the defendant Mexicana Airlines on October 16, 2005 and thereafter committed the following acts:

(A)    Uttered false statements to the effect that plaintiff was violent and assaulted an employee of defendant Mexicana Airlines, and was incapable of performing the security responsibilities of employment for defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3 COMMUNICATIONS, GSI.

(B)    Committed defamation *per se* for the following independent reasons: (1) the words impute the commission of a crime, (2) the words impute an inability to perform or a want of integrity in the discharge of duties of employment, and (3) the words prejudice plaintiff and impute lack of ability in her trade, profession or business.

2

(C)   The defendant made false statements about the plaintiff that caused such harm to plaintiff's reputation so as to lower the plaintiff in the eyes of the community and deters third persons from associating with <u>him.</u> The statements by defendant are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed.

(D)   The statements by defendant were incapable of an innocent construction and could not be construed as subjective opinions, nor interpretation, theory, conjecture or surmise.

(E)   The defamatory statements were not true.

(F)   The defendant's defamatory statements were made outside of any legitimate business context and were made in bad faith.

(G)   The defendant through its employees Mexicana Airlines Pilot No. 1, Mexicana Airlines Supervisor No. 1 and Mexicana Airlines Supervisor No. 2 and others also committed defamation *per quod,* resulting in plaintiff sustaining actual damages of a pecuniary nature.

(H)   Otherwise committed defamation against the plaintiff such that as a direct and proximate result the plaintiff was injured.

5.   The defamatory acts and conduct were approved, encouraged and ratified by top officials and executives at Mexicana Airlines and were intended to injure plaintiff.

6.   As a direct and proximate result of the breaches of duty by defendant, in whole or in part, the plaintiff was caused to suffer shock,

3

trauma, mental distress, anguish, worry, depression, anxiety, disability, pain and suffering, lost wages, diminished earning capacity, economic loss, lost profits, and will be so injured and deprived in the future.

WHEREFORE, the plaintiff prays for judgment against defendant MEXICANA AIRLINES for a sum in excess of the minimum jurisdictional requirements of the Law Division.

## Count 2

### Intentional Infliction of Emotional Distress - MEXICANA AIRLINES

1.     The plaintiff MARY A. DUDLEY is an individual currently residing in the State of Illinois.

2.     The defendant MEXICANA AIRLINES had a duty to refrain from conduct that defendants knew or recklessly disregarded might or could inflict emotional distress or cause mental distress, anguish, worry, shock, trauma, pain and suffering.

3.     At all times relevant herein, Mexicana Airlines Pilot No. 1, Mexicana Airlines Supervisor No. 1 and Mexicana Airlines Supervisor No. 2 were present at O'Hare Airport, Chicago, Illinois, on October 16, 2005, and others were operating as agents, servants and employees of defendant Mexicana Airlines.

4.     In breach of its duties as aforesaid, the defendant Mexicana Airlines on October 16, 2005 and thereafter committed the conduct which by its nature was extreme and outrageous, by covering up the Mexicana pilot's

4

false accusations that the plaintiff committed assault and exhibited unstable tendencies, which conduct goes beyond all possible bounds of decency.

5. Severe emotional distress resulted in whole or in part from the conduct of defendant Mexicana Airlines, the pilot, and other Mexicana Airlines employees. The defendant's actions provoked emotional distress no reasonable person could be expected to endure. The conduct of the defendant Mexicana Airlines is of such a nature that severe emotional distress is substantially certain to result

6. The extreme and outrageous character of the conduct arises because of the position of authority held by the defendant Mexicana Airlines, Pilot No. 1, Supervisor No. 1 and Supervisor No. 2 over the plaintiff giving the defendant actual or apparent authority to affect the claimant's interests

7. As a direct and proximate result of the breaches of duty by defendant, in whole or in part, the plaintiff was caused to suffer shock, trauma, mental distress, anguish, worry, depression, anxiety, disability, pain and suffering, lost wages, diminished earning capacity, economic loss, lost profits, and will be so injured and deprived in the future.

WHEREFORE, the plaintiff prays for judgment against defendant MEXICANA AIRLINES for a sum in excess of the minimum jurisdictional requirements of the Law Division.

5

Count 3

Defamation – L3 COMMUNICATIONS GOVERNMENT SERVICES, INC.

1.    The plaintiff MARY A. DUDLEY is an individual currently residing in the State of Illinois.

2.    The defendant L3 Communications had a duty to refrain from conduct that defendants knew or should have known to be defamatory, and to refrain from making defamatory statements, libel, slander or publications that defendants knew or should have known would injure the plaintiff's employment, reputation, standing, career, business opportunities, income and profits, and cause mental distress, anguish, worry, shock, trauma, pain and suffering. .

3.    At all times relevant herein, Nick Gorecki and others were operating as agents, servants and employees of defendant L3 Communications.

4.    In breach of its duties as aforesaid, the defendant L3 Communications on October 16, 2005 and thereafter committed the following acts:

(A)    Uttered false statements to the effect that plaintiff was violent and assaulted an employee of defendant Mexicana Airlines, and was incapable of performing the security responsibilities of employment for defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3 COMMUNICATIONS, GSI.

6

(B) Committed defamation *per se* for the following independent reasons: (1) the words impute the commission of a crime, (2) the words impute an inability to perform or a want of integrity in the discharge of duties of employment, and (3) the words prejudice plaintiff and impute lack of ability in her trade, profession or business.

(C) The defendant made false statements about the plaintiff that caused such harm to plaintiff's reputation so as to lower the plaintiff in the eyes of the community and deters third persons from associating with him. The statements by defendant are so obviously and materially harmful to the plaintiff that injury to his reputation may be presumed.

(D) The statements by defendant were incapable of an innocent construction and could not be construed as subjective opinions, nor interpretation, theory, conjecture or surmise.

(E) The defamatory statements were not true.

(F) The defendant's defamatory statements were made outside of any legitimate business context and were made in bad faith.

(G) The defendant through its employees Nick Gorecki and others also committed defamation *per quod*, resulting in plaintiff sustaining actual damages of a pecuniary nature.

(H) Otherwise committed defamation against the plaintiff such that as a direct and proximate result the plaintiff was injured.

7

5.    The defamatory acts and conduct were approved, encouraged and ratified by top officials and executives at L3 Communications and were intended to injure plaintiff.

6.    As a direct and proximate result of the breaches of duty by defendant, in whole or in part, the plaintiff was caused to suffer shock, trauma, mental distress, anguish, worry, depression, anxiety, disability, pain and suffering, lost wages, diminished earning capacity, economic loss, lost profits, and will be so injured and deprived in the future.

**WHEREFORE**, the plaintiff prays for judgment against defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3 COMMUNICATIONS, GSI. for a sum in excess of the minimum jurisdictional requirements of the Law Division.

### Count 4

### Intentional Infliction of Emotional Distress
### L3 COMMUNICATIONS GOVERNMENT SERVICES, INC.

1.    The plaintiff MARY A. DUDLEY is an individual currently residing in the State of Illinois.

2.    The defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC had a duty to refrain from conduct that defendants knew or recklessly disregarded might or could inflict emotional distress or cause mental distress, anguish, worry, shock, trauma, pain and suffering and economic loss.

8

3.  At all times relevant herein, Nick Gorecki and others were operating as agents, servants and employees of defendant L3 Communications.

4.  In breach of its duties as aforesaid, the defendant L3 Communications on October 16, 2005 and thereafter committed actions of an extreme and outrageous character. The conduct arises because of the position of authority held by the defendant over the plaintiff giving the defendant actual or apparent authority to affect the claimant's interests

5.  Defendant L3 Communications retaliated against plaintiff for refusing to falsify work reports and other illegalities. The retaliatory conduct used against the plaintiff because she discovered the falsification of work records by Gorecki and L3 Communications was sufficiently extreme and outrageous to impose liability on L3 Communications.

6.  The pattern of abusive practices by L3 Communications and Gorecki began immediately after the plaintiff discovered the illegal acts by defendant L3 Communications.

7.  The conduct by Gorecki arose out of an employment relationship in which the defendant held a position of authority over the plaintiff and controlled the conditions, nature, and duration of her employment.

8.  The abusive conduct served no legitimate purpose and continued even after the defendant L3 Communications knew of its impact upon the plaintiff.

9

9.    The plaintiff suffered a gradual deterioration of her mental processes brought on by numerous factors rather than a single work-related event or stimulus.

10.    As a direct and proximate result of the breaches of duty by defendant, in whole or in part, the plaintiff was caused to suffer shock, trauma, mental distress, anguish, worry, depression, anxiety, disability, pain and suffering, lost wages, diminished earning capacity, economic loss, lost profits, and will be so injured and deprived in the future.

**WHEREFORE**, the plaintiff prays for judgment against defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3 COMMUNICATIONS, GSI, for a sum in excess of the minimum jurisdictional requirements of the Law Division.

### Count 5

Retaliatory Discharge
**L3 COMMUNICATIONS GOVERNMENT SERVICES, INC.**

1. – 9.    The plaintiff reasserts and realleges paragraphs one through nine of Count 3 as and for her allegations herein.

10.    The defendant L3 Communications had a duty to refrain from conduct that defendants knew or should have known to violate the public policy of the State of Illinois, and to refrain from committing retaliatory discharge.

11. It is the public policy of the State of Illinois that employees shall be accurate in their record-keeping and not commit falsification of employment records and other requirements. .

12. Plaintiff reported violations by L3 Communications of rules concerning accuracy and falsification of records and other requirements.

13. In breach of its duties as aforesaid, the defendant L3 Communications, on or after October 16, 2005, discharged the plaintiff in retaliation for attempting to ensure the accuracy of time records and other employment data, said discharge being in violation of the public policy of the State of Illinois.

14. No reasonable cause or justification existed to dismiss plaintiff from her employment.

15. As a direct and proximate result of the breaches of duty by defendant, in whole or in part, the plaintiff was caused to suffer shock, trauma, mental distress, anguish, worry, depression, anxiety, disability, pain and suffering, lost wages, diminished earning capacity, economic loss, lost profits, and will be so injured and deprived in the future.

WHEREFORE, the plaintiff prays for judgment against defendant L3 COMMUNICATIONS GOVERNMENT SERVICES, INC., d/b/a L3 COMMUNICATIONS, GSI, for a sum in excess of the minimum jurisdictional requirements of the Law Division.

11

Plaintiff

By: _____

Attorney for Plaintiff

PAUL CAGHAN (A.R.D.C. #3123213)
PAUL CAGHAN, P.C.
Attorney for Plaintiff
P.O. Box 7949
Chicago, IL 60680-7949
312-251-1101
Firm I.D. 24025

12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARY A. DUDLEY,                        :

                Plaintiff,        :   Docket No.

        - against -              :

MEXICANA AIRLINES and L3       :
COMMUNICATIONS GOVERNMENT
SERVICES, INC., d/b/a L3 COMMUNICATIONS, :
GSI,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT**

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF NEW YORK  )

      MICHAEL J. HOLLAND, being first duly sworn, deposes and says:

      1.    I am an attorney and counselor at law admitted to practice before the Courts of the State of New York and I am a member of the Firm of Condon & Forsyth LLP, counsel in the United States for MEXICANA AIRLINES ("MEXICANA") with respect to passenger litigation.

      2.    The Summons and Complaint in this matter were forwarded to me by my client on or about November 20, 2006. I examined the Complaint to determine whether the action was removable to the Federal District Court pursuant to 28 U.S.C. § 1332.

      3.    Because it was unclear as to the amount of damages sought, I contacted Paul Caghan, plaintiff's counsel, on November 30, 2006 and discussed the matter with him. Mr. Caghan advised me that the case involved a significant economic loss and that



the damages were in excess of $75,000, exclusive of interest and costs, the minimal jurisdictional amount under 28 U.S.C. § 1332.

    4.    Based upon the representations made by plaintiff's counsel, the undersigned in good faith believes that this matter is properly removable to this Court pursuant to the provision of 28 U.S.C. § 1441 as both the minimum amount in controversy and the diversity of citizenship among the parties requirements of 28 U.S.C. § 1332 are met.

MICHAEL J. HOLLAND

Sworn to before me this 6th day
of December, 2006

Notary Public

MARY ANN ROONEY
NOTARY PUBLIC, State of New York
No. 31-4672706
Qualified in Queens County
Commission Expires May 31, 2010

-2-

# FILED

DEC 0 7 2006   UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
MICHAEL W. DOBBINS        EASTERN DIVISION
CLERK, U.S. DISTRICT COURT

MARY A. DUDLEY,                         )
                                        )
        Plaintiff,                      )
                                        .
v.                                      **06CV6775**

MEXICANA AIRLINES and L3                **JUDGE HIBBLER**
COMMUNICATIONS GOVERNMENT
SERVICES, INC., d/b/a L3 COMMUNICATIONS, **MAGISTRATE JUDGE  KEYS**
GSI,
                                        )
        Defendants.                     )

---

## NOTICE OF FILING

---

TO:   Paul Caghan                    Jeffrey Spears
      Paul Caghan, P.C.              L3 Communications Government
      PO Box 7949                    Services, Inc.
      Chicago, IL 60680-7949         10 Canal Center Plaza - Suite 105
      (312) 251-1101                 Alexandria, VA  22315

PLEASE TAKE NOTICE that on the 7th day of December, 2006, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Notice of Removal**, **Appearances of Counsel, Answer and Affirmative Defenses** and **Civil Cover Sheet,** copies of which are attached hereto and served upon you herewith.

Respectfully Submitted,

MEXICANA AIRLINES

By: _____
    One of Its Attorneys

Alan L. Farkas
Suzanne J. Massel
Jeffrey D. Waltuck
MADSEN, FARKAS & POWEN, L.L.C.
20 South Clark Street, Suite 1050
Chicago, Illinois  60603
(312) 379-3444
(312) 379-3443 fax

Michael J. Holland
CONDON & FORSYTH, LLP
7 Times Square
New York, NY 10036
(212) 490-9100

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused to be mailed a copy of the above-described documents to all counsel of record, by depositing same, postage prepaid, in an official depository of the United States Mail at 20 South Clark Street, Chicago, Illinois on this 7th Day of December, 2006.

Alan L. Farkas